# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHAWN GONZALEZ,
    Appellant,

   v.

DEPARTMENT OF AGRICULTURE,
    Agency.

DOCKET NUMBER
DC-4324-15-0636-B-1

DATE: October 31, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shawn Gonzalez</u>, Beaverdam, Virginia, pro se.

<u>Sandra Santos</u>, Fairfield, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the remand initial decision, which denied her request for corrective action in connection with her Uniformed Services Employment and Reemployment Rights (USERRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant, a disabled veteran, was terminated during probation from her position as a GS-5 Area Technician based on charges of inappropriate conduct and unacceptable performance. The administrative judge issued an initial decision that dismissed her appeal of that action for lack of jurisdiction. *Gonzalez v. Department of Agriculture*, MSPB Docket No. DC-315H-15-0114-I-1, Initial Decision at 1, 9 (Dec. 12, 2014). In a Final Order, the Board denied the appellant's petition for review, but forwarded for docketing as a USERRA appeal claim, raised for the first time on review, that the agency terminated her based on her military service. *Gonzalez v. Department of Agriculture*, MSPB Docket No. DC-315H-15-0114-I-1, Final Order at 6-7 (Apr. 17, 2015). Upon consideration of that claim, the administrative judge found that the appellant failed to make nonfrivolous allegations of jurisdiction under the USERRA statute and again dismissed the appeal for lack of jurisdiction. *Gonzalez v. Department of Agriculture*, MSPB Docket No. DC-4324-15-0636-I-1, Initial Decision at 1,

3-5 (June 18, 2015). On the appellant's petition for review, the Board agreed that she failed to nonfrivolously allege that the agency retaliated against her for pursuing or assisting another individual in pursuing his USERRA rights, and that therefore the portion of her claim alleging a violation of 38 U.S.C. § 4311(b) was properly dismissed for lack of jurisdiction. *Gonzalez v. Department of Agriculture*, MSPB Docket No. DC-4324-15-0636-I-1, Remand Order at 3-4 (Nov. 23, 2015) (Remand Order). The Board found, however, that the appellant did establish jurisdiction over her USERRA discrimination claim under 38 U.S.C. § 4311(a) because she nonfrivolously alleged that she performed duty in a uniformed service of the United States, that the agency denied her a benefit of employment by terminating her during probation, and that the action was due to her performance of duty in the uniformed service, the latter finding based on her claim that her second-level supervisor was motivated by the appellant's military service in terminating her employment. *Id.* at 5-7. The Board noted that the appellant requested a decision on the written record below, waiving her right to a hearing, *id.* at 7, but remanded the appeal for the administrative judge to rule on the appellant's motion to compel discovery and, following any discovery deemed appropriate, for adjudication of the appellant's USERRA appeal on the merits, *id.* at 8.

¶3        After addressing and resolving the parties' outstanding discovery matters, *Gonzalez v. Department of Agriculture*, MSPB Docket No. DC-4324-15-0636-B-1, Remand File (RF), Tabs 3, 9, 20, the administrative judge issued a decision on the written record in which she found that the appellant failed to demonstrate by preponderant evidence that her military service was a motivating or substantial factor in the agency's decision to terminate her during her probationary period. RF, Tab 52, Remand Initial Decision (RID) at 4-11. The administrative judge further found that, even if the appellant had met her burden, the agency demonstrated that it would have terminated her notwithstanding her military

service.  RID at 11-12.  Accordingly, the administrative judge denied the appellant's request for corrective action.[2]  RID at 2.

¶4     The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1; the agency has responded in opposition, PFR File, Tab 2; and the appellant has filed a reply, PFR File, Tab 4.[3]

## ANALYSIS

¶5     On review, the appellant challenges the administrative judge's credibility determinations and findings.  For example, the appellant argues that the administrative judge failed to consider evidence that the appellant's second-level supervisor's testimony was, in her view, self-serving, that she called into question his "character and bias," PFR File, Tab 1 at 5-6, as well as that of the appellant's immediate supervisor, the Employee Assistance Program Coordinator, a Human Resources Specialist, and the appellant's second-level supervisor's Assistant, *id.* at 10, and that her immediate supervisor delegated her supervisory duties to the appellant's coworker, *id.* at 7.

---

[2] The administrative judge's statement at the end of the remand initial decision, that "[t]he agency's action is AFFIRMED," RID at 12, is an inadvertent error.  The correct disposition of this case is, as the administrative judge indicated at the beginning of the remand initial decision, a denial of the appellant's request for corrective action.  RID at 2.

[3] Well after the close of the record on review, the appellant filed a request for leave to file an additional pleading.  She asserted that the pleading is based on new and material evidence affecting the credibility of a witness who testified during the hearing before the administrative judge.  According to the appellant, the evidence, which was unavailable to her prior to the close of the record on review, shows that the witness has secured new employment, and that he had the opportunity and capacity to observe USERRA violations and the experience and expertise necessary to recognize such violations in the absence of any conversations.  PFR File, Tab 6.  The Board may accept additional pleadings, other than those provided for in 5 C.F.R. § 1201.114(a), only if the evidence is new and material and the party submitting it shows that it was not available prior to the close of the record on review.  5 C.F.R. § 1201.114(k).  Although the appellant asserts that the evidence she seeks to present was previously unavailable, she has not shown, nor are we persuaded, that it is material.  5 C.F.R. § 1201.115(d).  Therefore, we DENY the appellant's request to file an additional pleading.

¶6          In determining whether the appellant proved by preponderant evidence that her military status was a motivating or substantial factor in the agency's decision to terminate her during probation, the administrative judge considered the appellant's statement, filed under penalty of perjury, that: (1) she had several conversations with a coworker who was also her team leader in which she expressed an anti-military sentiment[4]; (2) the coworker told the appellant that she had spoken with the appellant's second-level supervisor, also the author of the appellant's termination letter, about her conversations with the appellant and concerns about her status as a disabled veteran; and (3) the appellant then spoke with that official about the coworker's remarks, and he acknowledged the conversation and stated that he believed that the coworker's concerns were valid. RID at 5-6; RF, Tab 29 at 4-5. The administrative judge also considered the agency's contrary claim that no such conversations ever occurred, as supported by the second-level supervisor's sworn affidavit, RF, Tab 45 at 4-5, as well as his and the coworker's sworn answers to interrogatories, *id.* at 6-8, 16-18; RID at 6-7. The administrative judge then made credibility findings as to each alleged conversation, using the pertinent factors set forth by the Board in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458-62 (1987).[5]

¶7          When there has been a hearing at which the administrative judge is able to observe the witnesses, including their demeanor, her credibility determinations

---

[4] According to the appellant, the coworker expressed concern that the fact that the appellant was hired as a disabled veteran limited her own promotion potential. RF, Tab 29 at 4.

[5] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version she believes, and explain in detail why she found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen*, 35 M.S.P.R. at 458-462; RID at 7-9.

are entitled to deference. *Haebe v. Department of Justice*, [288 F.3d 1288](), 1301 (Fed. Cir. 2002). That is not the case here, however, because, as noted, the appellant waived her right to a hearing. Remand Order at 7. Nonetheless, the administrative judge did not abuse her discretion in applying the factors set forth by the Board in *Hillen*, as appropriate, in resolving the credibility issues that figure prominently in this case. *Fitzgerald v. Department of Defense*, [85 M.S.P.R. 463](), ¶ 5 (2000); *Goode v. Defense Logistics Agency*, [45 M.S.P.R. 671](), 674 n.2 (1990) (explaining that the principles for resolving credibility issues are properly applied to cases where there is no hearing). Although the administrative judge's credibility determinations are not entitled to deference, the Board must nonetheless review the administrative judge's findings to determine if she properly applied the law to the facts of the case, [5 C.F.R. § 1201.115](), and properly weighed the evidence to determine if the parties satisfied their burdens of proof. Here, the appellant's burden was to show that her military service was a substantial or motivating factor in the agency's decision to terminate her during probation. *Sheehan v. Department of the Navy*, [240 F.3d 1009](), 1013 (Fed. Cir. 2001).

¶8      Regarding the appellant's claimed conversations with her coworker, the administrative judge found that the appellant's rendition of the events was inherently more likely because of the substantive detail with which she remembered the conversations, and that she was therefore more credible. RID at 7-8. The administrative judge further found, however, that the appellant's second-level supervisor's sworn statement regarding the alleged conversation he had with the coworker was inherently more probable than the appellant's version of a conversation to which she was not a party, and that therefore the supervisor's statement was more credible. RID at 8. Finally, as to the alleged conversation between the appellant and the supervisor, the administrative judge found that the appellant's statements were inherently unlikely, that there was a strong potential for bias in those statements because they were wholly uncorroborated, and that

there was evidence that the appellant's character had been questioned, such that her second-level supervisor was more credible. RID at 8-9. The administrative judge concluded that only the appellant's sworn statements supported her claim, and that some portions of those statements were improbable and self-serving, RID at 10, that there was no evidence showing that the coworker improperly influenced the supervisor in his decision to terminate the appellant during probation, that, in his sworn statement and interrogatory responses, he strongly denied having any anti-military sentiment and the appellant produced no contrary evidence, and that 12 years had elapsed between the appellant's military service and her termination. RID at 10-11. The administrative judge further found no evidence of inconsistencies between the agency's proffered reasons for terminating the appellant and any other agency action or of disparate treatment. RID at 11. The administrative judge concluded, therefore, that the appellant did not establish that her military service was a substantial or motivating factor in the agency's decision to terminate her during probation. *Sheehan*, 240 F.3d at 1014; RID at 11.

¶9 Although the appellant disagrees with the administrative judge's credibility determinations which formed the basis for her findings, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge who considered the evidence as a whole, drew appropriate references, and made reasoned conclusions. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997). We find, therefore, that the appellant has not shown error in the administrative judge's finding that the appellant failed to prove by preponderant evidence that her military service was a substantial or motivating factor in the agency's decision to terminate her during her probationary period.[6] To the extent the appellant argues that the administrative

---

[6] The appellant contends on review that her supervisor treated others disparately. PFR File, Tab 1 at 22-23. Although not considered by the administrative judge, RID at 11, the Board, in its Remand Order, addressed this claim and concluded that it did not

judge did not, in reaching her decision, mention all of the evidence of record, PFR File, Tab 1 at 11, 23, her failure to do so does not mean that she did not consider it, *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

¶10    The appellant also challenges on review the administrative judge's alternative finding that, even if the appellant met her burden to show that her military service was a significant or motivating factor in the agency's decision to terminate her, the agency showed that it would have done so even in the absence of such service. PFR File, Tab 1 at 14. The appellant argues that the administrative judge failed to consider, evaluate, and explain any of the evidence or argument she presented on this issue. *Id.*; RF, Tab 50 at 4-15, Tab 49 at 4-11, Tab 48 at 8-15. Because we agree with the administrative judge that the appellant failed to meet her burden, we need not consider her challenge to the administrative judge's findings regarding the agency's burden because such findings are extraneous to the disposition of this appeal. *Sheehan*, 240 F.3d at 1014.

¶11    On review, the appellant argues generally that the agency lacked a valid basis for terminating her during probation. PFR File, Tab 1 at 15-21. However, the USERRA statute does not confer jurisdiction on the Board to address an agency's underlying personnel action when, as here, the merits of that action are not otherwise appealable to the Board. *Wooten v. Department of Veterans Affairs*, 102 M.S.P.R. 131, ¶ 13 (2006).

constitute even a nonfrivolous allegation that the appellant was terminated due to her military service. Remand Order, ¶ 12 n.7. Based on that finding, the appellant is collaterally estopped from again raising this claim. *Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 2, n.2 (2012). The same may be said for the appellant's contention that the administrative judge failed to consider her claims that the agency discriminated against her based on her disability by failing to reasonably accommodate her, PFR File, Tab 1 at 4, 16, and retaliated against her for engaging in equal employment opportunity activity, *id.* at 11, and that the agency committed harmful procedural error, *id.* at 24. The Board addressed these claims but found that it lacks jurisdiction to consider them in a USERRA appeal. Remand Order at 8-9.

¶12 The appellant refers in her petition for review to "new email." PFR File, Tab 1 at 18-19. She has not, however, submitted copies of any such emails, but rather has described them by the dates they were presumably sent, specifically, September 19 and 29, 2014. *Id.* Both dates are well in advance of March 14, 2016, when the record closed below. RF, Tab 20. In the absence of any showing that the evidence was unavailable before the record was closed despite the appellant's due diligence, we need not consider these emails. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).

¶13 Finally, the appellant appears to again raise an allegation of whistleblower retaliation. PFR File, Tab 4 at 13-14. However, the Board noted in its Remand Order that she had twice earlier attempted to raise the claim that she was terminated in reprisal for protected whistleblowing, and that both times it had been dismissed for lack of jurisdiction on the ground that the appellant failed to demonstrate that she exhausted her administrative remedies with the Office of Special Counsel (OSC). Remand Order at 9 n.10; *see, e.g.*, *Gonzalez v. Department of Agriculture*, MSPB Docket No. DC-1221-15-0879-W-1, Initial Decision at 1, 3 (July 9, 2015). The Board noted at that time that the appellant had not, on review, provided evidence that she exhausted her administrative remedies with OSC, and again reminded her that, if she wished to pursue an individual right of action appeal before the Board, she must first exhaust her administrative remedies with OSC. Remand Order at 9 n.10. Regarding the appellant's instant claim, we again reiterate that instruction.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7702](b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:  _____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.